IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| M. CARMEN LUNA, § § *Plaintiff*, § § v. § § ERIC SHINSEKI, SECRETARY, U.S. § DEPARTMENT OF VETERANS § AFFAIRS, § § *Defendant*. § | Civil Action No.  SA-13-CA-0006-XR |

**ORDER**

On this day the Court considered Plaintiff's motion for sanctions (Doc. No. 16). For the following reasons, the Court DENIES the motion.

**I. Background**

M. Carmen Luna ("Plaintiff") filed this employment discrimination suit against Eric Shinseki ("Defendant"), the Secretary of the United States Department of Veterans Affairs. Service of the summons and complaint was perfected on May 22, 2013.[1] Defendant filed an original answer on July 16, 2013; however, due to a typographical error this pleading reflected that the Secretary of the Army John McHugh was the defendant.[2] Defendant subsequently filed an amended answer correcting this mistake on July 29, 2013.[3]

Based upon the date that Defendant's amended answer was filed, Plaintiff filed the instant

---

[1] *See* Def.'s Advisory Regarding Completion of Service at 1-2.

[2] Def.s' Am. Answer at 1, n.1.

[3] *See id.*

motion for sanctions.[4] With this motion, Plaintiff appears to argue that Defendant failed to meet the 60-day deadline, ending on July 22, 2013, to file a responsive pleading to Plaintiff's complaint. Accordingly, Plaintiff requests that the Court "sanction" Defendant by "denying their Amended Original Answer."[5]

## II. Federal Rules of Civil Procedure

If a United States officer or employee is sued in an official capacity, the individual must serve his answer to a complaint within 60 days after service on the United States attorney. FED. R. CIV. P. 12(a)(2). The officer or employee may then amend his answer once as a matter of course, without leave of the court, within 21 days after serving the answer. *See* FED. R. CIV. P. 15(a)(1)(A).

## III. Discussion

Here, Defendant, as Secretary of the United States Department of Veterans Affairs, is an official of the United States who is being sued in his official capacity. Accordingly, Rule 12(a)(2) is applicable, meaning that Defendant had 60 days following service of Plaintiff's complaint in which to serve an answer. *See* FED. R. CIV. P. 12(a)(2). Because service of Plaintiff's complaint was perfected on May 22, 2013, Defendant had until July 22 to serve an answer.[6] *See id.*

Defendant submitted his original answer on July 16, 2013, which fell within the 60-day period mandated by Rule 12(a)(2).[7] As a result, Defendant had 21 days from July 16 to amend his answer once without leave as a matter of course. *See* FED. R. CIV. P. 15(a)(1)(A). Because Defendant's amended answer was submitted on July 29, Defendant correctly amended his

---

[4] Although the motion is titled "Plaintiff's Amended Motion for Sanction," an original motion for sanctions was not filed with the Court. Rather, Plaintiff's "original" motion for sanctions was only sent to United States Attorney Robert Pittman.

[5] Mot. for Sanctions at 2.

[6] Def.'s Advisory Regarding Completion of Service at 1-2.

[7] *Id.*; Def.'s Answer (Doc. No. 12)

responsive pleading pursuant to Rule 15(a)(1)(A).

Accordingly, Defendant's answer to Plaintiff's complaint was submitted within the relevant 60-day period and subsequently amended pursuant to Rule 15. Plaintiff's motion for sanctions, which is premised on Defendant's alleged failure to timely submit a responsive pleading, is therefore denied.

### IV. Conclusion

In light of the foregoing, Plaintiff's motion for sanctions (Doc. No. 16) is DENIED.

It is so ORDERED.

SIGNED this 12th day of August, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE